IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SYLVIA PEREZ, Individually and as Special Administrator of the Estate of Armando Perez,<br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>AIR AND LIQUID SYSTEMS CORPORATION, Individually and as Successor to BUFFALO PUMPS, INC., et al.,<br>　　　　　　　　Defendants. | Case No. 3:16-CV-00842-NJR-DGW |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

　　　　This case is currently before the Court on the Motion to Remand filed by Plaintiff Sylvia Perez (Doc. 40). Perez brings this wrongful death lawsuit individually and as Special Administrator of the Estate of Armando Perez, her deceased husband. Perez claims the decedent was exposed to asbestos while serving in the U.S. Navy, primarily aboard the USS Maryland, from 1944 to 1946 (Doc. 1-1, p. 5). Perez alleges that the decedent's asbestos exposure caused him to develop mesothelioma, which led to his untimely death (*Id.*, p. 8). The Complaint contains three counts:   Count I – Negligence Count as to Manufacturers of Asbestos Products; Count II – Willful and Wanton Conduct; and Count III – Loss of Consortium.

　　　　This case originally was filed in the Circuit Court of Madison County, Illinois, on June 1, 2016, and subsequently was removed to this Court by Defendant Crane Co. on July 25, 2016 (Doc. 1). Crane Co. alleges federal subject matter jurisdiction on the basis of

28 U.S.C. § 1442, the "federal officer" removal statute. To its Notice of Removal, Crane Co. attached the affidavits of Anthony Pantaleoni, Crane Co.'s Vice President of Environment, David Sargent, Jr., a retired Navy Rear Admiral, and Dr. Samuel Forman, a former Naval Medical Officer. Each of the affidavits was signed prior to this case being filed, and two of them contain case captions from other jurisdictions. On August 1, 2016, more than 30 days after being served with the Complaint,[1] Defendant General Electric Company ("GE") filed a Joinder in Crane's Notice of Removal, as well as a separate Notice of Removal asserting independent grounds for federal officer jurisdiction (Doc. 10).

On August 24, 2016, Perez filed the instant Motion to Remand. Perez first argues that Crane Co. waived its right to remove by filing a motion to dismiss in state court prior to removing the case to this Court. She next claims that Crane Co. has failed to meet its burden of establishing federal subject matter jurisdiction. On September 26, 2016, Crane Co. filed a response to Perez's motion to remand (Doc. 58). GE, having joined in Crane Co.'s notice of removal, also filed a timely response to the motion to remand (Doc. 61). Perez moved to strike GE's joinder in the notice of removal as well as its response to her motion to remand, to the extent those documents provided arguments related to GE's untimely notice of removal asserting independent grounds for federal officer jurisdiction (Doc. 62). The Court denied Perez's motion to strike, but allowed her time to provide a reply brief in support of remand, which she filed on November 28, 2016 (Doc. 75). For the reasons stated below, Perez's motion to remand is denied.

---

[1] GE was served with the Complaint on June 24, 2016 (Doc. 10, p. 1).

## LEGAL STANDARD

"The federal officer removal statute is an exception to the well-pled complaint rule, which requires federal jurisdiction to arise on the face of the complaint." *Rozumek v. Air & Liquid Sys., Inc.*, No. 15-CV-441-SMY-SCW, 2015 WL 6152924, *1 (S.D. Ill. Oct. 20, 2015) (citing *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012)). Removal under 28 U.S.C. § 1442 does not require Crane Co. to notify or obtain the consent of any other defendant to remove the entire case to federal court. *Baker v. Air & Liquid Sys. Corp.*, No. CIV. 11-8-GPM, 2011 WL 499963, at *2 (S.D. Ill. Feb. 7, 2011). Furthermore, Section 1442(a)(1) permits the removal of the entire case, even though the federal officer defense may not apply to all of the claims. 28 U.S.C. 1442(a)(1).

The Supreme Court of the United States has made clear that the federal officer removal statute must be "liberally construed." *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007). "The basic purpose of the statute is to protect the federal government from the interference with its operations which would ensue if a state were able to try federal officers and agents for alleged offenses committed while acting within the scope of their authority." *Hasenberg v. Air & Liquid Sys. Corp.*, No. 13-CV-1325-MJR-SCW, 2014 WL 1389300, at *1 (S.D. Ill. Apr. 9, 2014) (citing *Watson*, 551 U.S. at 150). The federal officer removal statute also ensures that the validity of any official immunity defense is tried in federal court. *Id.* (citing *Rodas v. Seidlin*, 656 F.3d 610, 617 (7th Cir. 2011)).

Although "[t]ypically, removal statutes are construed narrowly, with any doubt as to the right of removal resulting in remand to state court . . . Removal under § 1442 is

an exception to that general rule." *Harris v. Rapid Am. Corp.*, 532 F. Supp. 2d 1001, 1004 (N.D. Ill. 2007) (citing *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999)). While the burden of proving federal jurisdiction under § 1442 is on the defendant, the Supreme Court has held that "the policy favoring removal should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Id.* (quoting *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981)).

## ANALYSIS

**A.   Waiver**

Perez first argues that Crane Co. waived its right to remove the case to federal court by filing a motion to dismiss in state court prior to filing its Notice of Removal. Perez relies on *In Re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prod. Liab. Litig.*, where, in a footnote, Judge Herndon stated that "some district courts have held that a defendant waives the right to removal when the defendant takes action in state court that evinces an intent by the defendant to have the state court decide the case on the merits, such as by filing a motion to dismiss . . . ." *In Re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prod. Liab. Litig.*, 870 F.Supp.2d 587, 593 n.5 (S.D. Ill. 2012). In response, Crane Co. argues that Seventh Circuit precedent allows for waiver of removal only in "extreme situations" such as when "the suit is fully tried before the statutory period has elapsed and the defendant then files a petition for removal." *See Rothner v. City of Chicago*, 879 F.2d 1402, 1416 (7th Cir. 1989).

In *Rothner*, the Seventh Circuit analyzed the language of 28 U.S.C. § 1447 in determining that waiver cannot be a basis for remand except in "extreme situations." *See id.* at 1409-16. Since *Rothner* was decided, 28 U.S.C. § 1447 has been amended, and the

language interpreted by the *Rothner* court has been deleted. The Seventh Circuit, however, has yet to revisit the question of waiver and the right to seek removal. As a result, most district courts in this Circuit have continued to follow *Rothner* and have held that filing motions to dismiss or taking other preliminary actions in state court does not constitute waiver of the right to remove. *See Act II Jewelry, LLC v. Wooten*, No. 15 C 6950, 2015 WL 7889039, at *3 (N.D. Ill. Dec. 4, 2015) (defendants' participation in the discovery process and filing of a motion to dismiss was not sufficient evidence of an "extreme situation" justifying waiver); *Cahill v. Ivex Novacel, Inc.*, No. 04 C 2566, 2004 WL 2064305, at *3 (N.D. Ill. Sept. 1, 2004) (defendants' motion for a temporary restraining order was insufficient to warrant a finding of waiver); *Dorazio v. UAL Corp.*, No. 02 C 3689, 2002 WL 31236290, at *4 (N.D. Ill. Oct. 2, 2002) (defendant did not waive its right to remove by filing motion to dismiss before filing notice of removal); *DeLuca v. Ligget & Myers, Inc.*, No. 00 C 7781, 2001 WL 629398, at *6 (N.D. Ill. 2001) (ruling that preparing for depositions and opposing motions does not constitute a waiver of the right to remove); *In re Bridgestone/Firestone, Inc., ATX, ATX II,* 128 F. Supp. 2d 1198, 1201 (S.D. Ind. 2001) (filing of motion to dismiss in state court does not waive the right to remove; that right cannot be waived absent defendant "fully trying the state court case on the merits"). Even in cases that have found waiver applicable, the action taken in state court was more substantial than merely filing a motion to dismiss hours before removing the case. *See Fate v. Buckeye State Mut. Ins. Co.*, 174 F. Supp. 2d 876, 881–82 (N.D. Ind. 2001) (defendant waived ability to remove when it litigated case for nearly a year in state court, including arguing motion to dismiss, conducting discovery, and moving to bifurcate trial).

Here, Crane Co.'s responsive pleadings were due in state court the same day as its removal deadline. The record indicates Crane Co. filed its Notice of Removal only two hours after filing its state court motion to dismiss (*see* Docs. 1, 1-14). On these facts, and based on Seventh Circuit precedent, the Court cannot say that Crane Co. evinced an intent to have the state court decide the case on the merits. Therefore, Crane Co. did not waive its ability to remove the case to this Court.

**B.        Federal Officer Jurisdiction**

Perez next argues that, even if Crane Co. did not waive its right to remove, the case should still be remanded because Crane Co. has failed to meet its burden of establishing federal subject matter jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).

Under 28 U.S.C. § 1442, a "civil action . . . commenced in a State court against . . . [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office" may be removed to federal court. 28 U.S.C. § 1442(a)(1). To effect removal as a person acting under a federal officer, the removing defendant must establish: (1) it is a "person" within the meaning of the statute; (2) it acted under the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there is a causal nexus between the plaintiff's claims and the defendant's actions under federal direction; and (4) the defendant has raised a colorable defense based on federal law. *See Mesa v. California*, 489 U.S. 121, 124–25, 129–31, 134–35 (1989); *Acker*, 527 U.S. at 431; *Wisconsin v. Schaffer*, 565 F.2d 961, 964 (7th Cir. 1977).

In this case, Perez does not specifically dispute each element required to remove

under federal officer jurisdiction. Instead, she claims Crane Co. has failed to establish federal officer jurisdiction because its supporting affidavits and exhibits are "devoid of specific facts applicable to this case." Perez notes that the affidavits were all originally filed in other asbestos cases in other jurisdictions, and none of the affiants worked for Crane Co. at the time the products at issue were manufactured. Furthermore, Crane Co. has provided no evidence of any contracts under which Crane Co. supplied equipment to the Navy or to the USS Maryland, no evidence that the Navy made any specific warning requirements for equipment it obtained from Crane, and no evidence of any warnings Crane Co. gave to the government about asbestos. Without any supporting evidence, Perez argues, Crane Co. cannot meet its burden of establishing federal officer jurisdiction.

In support of her argument, Perez relies on *Baker*, 2011 WL 499963, at *3. In that case, the defendant provided affidavits of a retired Rear Admiral who served in the Navy, an employee of the defendant, and a doctor who was also a retired Naval officer. The court noted that "[i]n the past the Court has attached little significance to such evidentiary materials, unaccompanied as they are by exemplar contracts between the USN and its contractors or pertinent regulations promulgated by the USN or another responsible agency." *Id.* However, *Baker* was decided prior to the Seventh Circuit's decision in *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012). In *Ruppel*, the Court of Appeals held that affidavits provided by individuals holding similar positions (including Dr. Forman, an affiant in this case) were sufficient to merit removal based on federal officer jurisdiction. *Id.* at 1182.

Perez attempts to distinguish *Ruppel* by citing to *Horrie v. A.W. Chesterton Co.*, No. 13-C-8161, 2014 WL 2109364, at *2 (N.D. Ill. May 19, 2014), *vacated*, No. 13-CV-8161, 2014 WL 4241463 (N.D. Ill. Aug. 13, 2014). In *Horrie*, like here, Crane Co. purported to support its government contractor defense with affidavits originally produced in other cases. *Id.* The *Horrie* court found that *Ruppel* was inapplicable given that at least one of the affidavits was specifically created for that case, and defendants there provided the actual purchase order and the applicable design specifications, all of which were lacking in *Horrie*. *Id.* But this rationale ignores the standard set forth in *Ruppel* that the government contractor defense need only be "colorable" at this stage of the litigation rather than "clearly sustainable." *Ruppel*, 701 F.3d at 1182. "At this point, we are concerned with who makes the ultimate determination, not what that determination will be. If defendants had to 'virtually ... win [their] case before [they] can have it removed,' we would leave nothing for the eventual trial court to decide." *Id.* (quoting *Acker*, 527 U.S. at 431). Thus, the Court does not find *Horrie* persuasive.

Following *Ruppel*, the Court finds that the evidentiary materials attached to Crane's Notice of Removal are sufficient to support removal under 28 U.S.C. § 1442. Indeed, several other courts have found this exact or nearly identical evidence adequate to merit removal under federal officer jurisdiction. *See Totten v. Crane Co.*, No. 13 C 8157, 2014 WL 1689689, at *4 (N.D. Ill. Apr. 28, 2014); *Hasenberg*, 2014 WL 1389300, at *3; *Leite v. Crane Co.*, 749 F.3d 1117, 1120 (9th Cir. 2014); *Cuomo v. Crane Co.*, 771 F.3d 113, 116 (2d Cir. 2014); *see also Harris v. Rapid American Corp.*, 532 F. Supp. 2d 1001, 1004 (N.D. Ill. 2007) (explaining why federal officer jurisdiction in asbestos cases is often supported by

affidavits from a "limited pool of experts" and holding that such circumstantial evidence is sufficient to allow defendants to proceed in federal court under a liberal construction of § 1442(a)(1)).

Having found Crane Co.'s evidentiary support proper, the Court turns to the merits of Crane's removal under 28 U.S.C. § 1442. Reviewing the first element, Crane Co. has established that it is a "person" within the meaning of § 1442. "In construing statutes, unless the context indicates otherwise the words 'person' and 'whoever' include corporations [and] companies . . . as well as individuals." *Ruppel*, 701 F.3d at 1181. Thus, Crane Co. is a person under the statute.

Second, Crane Co. has established that it acted under a federal officer. The Seventh Circuit has stated that the term "acted under" should be liberally construed and "covers situations . . . where the federal government uses a private corporation to achieve an end it would have otherwise used its own agents to complete." *Id.* An entity "acts under" a federal officer when it assists or helps to carry out the federal superior's duties or tasks. *Id.*

Here, the affidavits and exhibits provided by Crane Co. demonstrate that it made and supplied equipment, including valves, for Navy ships under contracts between Crane Co. and the Navy (Pantaleoni Aff., Doc. 1-2, p. 2). Crane Co. acted under the direction of the Navy in the design, manufacture, and sale of its products for and to the Navy, and its products were designed and manufactured in strict accordance with contracts and specifications approved by the Navy (*Id.*). Crane Co. also has presented evidence that unless its products were determined to be in conformity with Navy

specifications, the equipment could not be installed aboard Navy ships (Sargent Aff., Doc. 1-3, p. 12). Thus, Crane Co. was "acting under" a federal officer.

The third element requires there to be a causal nexus between the plaintiff's claims and the defendant's actions under federal direction. This requirement is distinct from the "acting under" requirement in that there must be a "causal connection between the charged conduct and asserted official authority." *Id.* The causation requirement is "designed to prevent a federal officer from removing a suit that alleges conduct outside the officer's course of duty." *Totten*, 2014 WL 1689689, at *4 (citing *Ruppel*, 701 F.3d at 1181).

Perez alleges that the decedent was exposed to asbestos from Crane Co. products, that Crane Co. included asbestos in its products despite knowing it was toxic, and that Crane Co. failed to provide warnings of the dangers of asbestos. In return, Crane Co. claims its asbestos-containing products were designed by and manufactured for the Navy and made in strict accordance with Navy specifications. Thus, there is a strong causal nexus between Plaintiff's claims and Crane Co.'s conduct, which was performed under the direction of the Navy.

Finally, Crane Co. argues the government-contractor defense is a colorable federal defense to Plaintiff's claims. The government-contractor defense applies when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988).

Here, Pantaleoni testified in his affidavit that Crane Co. made and supplied equipment, including valves, for Navy ships pursuant to contracts between Crane Co. and the Navy (Pantaleoni Aff., Doc. 1-2, p. 2). The Pantaleoni affidavit and accompanying exhibits also demonstrate that the Navy provided detailed specifications for the products Crane Co. supplied to it, but made no mention of any warnings about asbestos (*Id.*, p. 1-71). Crane's products were designed and manufactured in strict accordance with those specifications (*Id.*, p. 2). Crane Co. further presented evidence through the Sargent affidavit that unless its products were determined to be in conformity with Navy specifications, the equipment could not be installed aboard Navy ships (Sargent Aff., Doc. 1-3, p. 12). Finally, Dr. Forman's affidavit establishes that the Navy was well aware of the health risks associated with asbestos by the time the decedent was exposed to it. In other words, there were no dangers of asbestos known to Crane Co. but not known to the Navy. *See Ruppell*, 701 F.3d at 1184.

Based on this evidence, the Court concludes that Crane Co. could plausibly satisfy the government contractor defense. "As the Seventh Circuit pointed out in *Ruppel*, 701 F.3d at 1182, the validity of Crane's defense may be hotly contested and may present complex issues, 'but the propriety of removal does not depend on answers' to those questions; rather 'the claimed defense need only be plausible.'" *Hasenberg*, 2014 WL 1389300, at *3 (quoting *Ruppel*, 701 F.3d at 1182). Crane Co. has shown that the Navy approved reasonably precise specifications, Crane Co.'s equipment conformed to those specifications, and the Navy was aware of the dangers of asbestos (Affidavit of Dr.

Forman, Doc. 1-8). Thus, Crane Co. has established the elements of the government contractor defense.

## CONCLUSION

For these reasons, the Court finds that Crane Co. has met its burden of establishing federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1). Because the Court concludes that it has subject matter jurisdiction, Plaintiff Sylvia Perez's Motion to Remand (Doc. 40) is **DENIED**.[2]

**IT IS SO ORDERED.**

DATED:   November 30, 2016

**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[2] Having found that Crane Co. has established subject matter jurisdiction, the Court need not evaluate the merits of GE's Joinder in Crane's Notice of Removal or its separate Notice of Removal asserting independent grounds for federal officer jurisdiction. Nevertheless, the Court recognizes that, to the extent GE asserts its own independent grounds for removal, those grounds were untimely filed. GE was served with Plaintiff's Complaint on June 24, 2016 (Doc. 10, p. 1). The Complaint generally alleges that Plaintiff's claims against GE arise from exposure to asbestos that occurred while Plaintiff's decedent served in the U.S. Navy (*Id.*). GE then had 30 days to remove the case to federal court. 28 U.S.C. § 1446(b). GE filed its Joinder in Crane's Notice of Removal and Notice of Removal based on independent grounds on August 1, 2016—after its 30-day deadline had expired.